IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KENNETH MITCHELL | : | |
| | : | |
| v. | : | CIVIL NO. CCB-08-1723 |
| | : | Criminal No. CCB-03-0351 |
| UNITED STATES OF AMERICA | : | |

...o0o...

## **MEMORANDUM**

Kenneth Mitchell, a federal prison inmate, was convicted by a jury of conspiracy to distribute more than 5 kilograms of cocaine in violation of 21 U.S.C. § 846. On February 4, 2005, he was sentenced to 235 months incarceration. His conviction was affirmed on appeal by the Fourth Circuit, 2007 WL 840347, and certiorari was denied. This motion to vacate under 28 U.S.C. § 2255 followed.

Mitchell claims that his retained trial counsel was ineffective for several reasons:

(1) failing to challenge for cause two jurors (nos. 259 and 310) whose answers during voir dire showed actual bias;

(2) failing to advise Mitchell that he could have pled guilty without cooperation;

(3) wrongfully advising Mitchell that he must provide information he did not have (the name of his local narcotics buyer in Maryland) to be eligible for the safety valve; and

(4) failing to object to the search of a package intercepted at the FedEx office in September 2002 which was found to contain cocaine being shipped from California to Baltimore.

To prevail on a claim of ineffective assistance of counsel, Mitchell must show both deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1994); *U.S. v. Luck*, 611 F.3d 183, 186 (4th Cir. 2010).

1

Preliminarily, the government argues that ineffective assistance of counsel was raised on appeal, in the reply brief and at oral argument, and therefore may not be addressed again. Ordinarily, however, ineffective assistance claims are not resolved on direct appeal, and the Fourth Circuit opinion does not decide (or even refer to) any of the issues raised in Mitchell's present petition. Thus, they shall be considered in this opinion.

First, Mitchell complains about two jurors (nos. 259 and 310) not challenged for cause by trial counsel. While the government unfortunately does not address these specific individuals, the transcript reflects that juror no. 310 was in fact excused by the court (Tr. 10/25/04 at 125-26, 166) before the jurors were selected by counsel. Juror no. 259, whose answers are provided by Mitchell only in part, affirmed in responding to the court's questions that he/she could "set aside [his/her] family member's experience and decide whether these gentlemen have been proved guilty just based on the evidence and the law." (*Id.* at 53-54). In any event, that juror did not sit on the panel sworn to hear the case. (*Id.* at 168). A decision not to strike the juror was within the court's discretion, *see U.S. v. Bakker*, 925 F.2d 728, 733 (4th Cir. 1991); *Poyntner v. Ratcliff*, 874 F.2d 219, 221-22 (4th Cir. 1989).

Second, Mitchell complains that he was not properly advised about his options for pleading guilty without cooperation or about the application of the safety valve. The sentencing transcript makes clear, however, that Mitchell, with the advice of his attorney, had been pursuing the option of cooperation or at least a full proffer that would allow him to qualify for the safety valve. It appears that he was not able to persuade either the government or his own counsel that he was telling the whole truth in his proffer; further, he did not object when his counsel advised the court in his presence that he would not be pursuing the safety valve, (Tr. 2/4/05 at 24-28), nor

did he say anything in his allocution to suggest there was an issue about the safety valve or his acceptance of responsibility. To speculate now that he would have pled guilty without any agreement, or that it would have resulted in any lesser sentence, is not sufficient to meet the *Strickland* standard. Further, his experienced counsel demonstrated his competence at sentencing by arguing successfully against a role enhancement and again in regard to the inaccuracy of the notice provided by the government under § 851. (Tr. 2/4/05 at 5, 10-11, 20-23).

Finally, Mitchell's counsel was not ineffective for failing to object to the search of the FedEx package because Mitchell had no standing to do so.

A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. *See* 28 U.S.C. § 2253(c)(1). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). The defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983).

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) quoting *Slack*, 529 U.S. at 484.

Petitioner has not made the requisite showing. There is no basis to grant a certificate of appealability.[1]

Accordingly, the motion to vacate will be denied by separate Order.


Date:   April 29, 2011                             /s/
                                        Catherine C. Blake
                                        United States District Judge

---

[1] Denial of a certificate of appealability does not prevent petitioner from filing a notice of appeal and seeking a certificate from the Fourth Circuit.